ROCKAWAY ROLLING MILL, PLAINTIFF, v. DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY ET AL., DEFENDANTS.

Decided March 7, 1930.

Before Gummere, Chief Justice, and Justices Kalisch and Campbell.

For the rule, *Frederic B. Scott.*

*Contra, Edward P. Stout.*

Per Curiam.

The plaintiff corporation is the owner of two tracts of land in the county of Morris which are separated from one another by the right of way of the defendant railroad company. Originally the two parcels and the right of way of the railroad company constituted a single tract of land; and from the time when the defendant constructed its railroad up to the time of the institution of the present suit the tracts now owned by the plaintiff were connected by a suitable wagonway or crossing. The question involved in the present litigation is whether that crossing is a permissive one which the railroad company can close at its option or whether it is an easement of way the title to which is in the plaintiff and of which it cannot be deprived by any action of the railroad company. The trial of this issue resulted in a verdict in favor of the plaintiff.

The first contention made before us by counsel of the defendant is that the verdict of the jury is contrary to the weight of the evidence. Our examination of the testimony sent up with the rule satisfies us that this contention is without substance. In other words, the evidence in the case fully justified the jury in its finding.

The only other ground upon which we are asked to set aside the verdict is based on the assertion that the trial court erred in permitting the president of the plaintiff company to testify that if this crossing or way over the defendant's tracks was closed, it would cut off access of the plaintiff from its mill, which is located on one of the parcels owned by them, to the public highway. It is said that this testimony was incompetent because of the fact that counsel had previously agreed in the presence of the court that if the proofs showed the plaintiff's claim to be legal, the damages to be awarded should be nominal; that is, six cents. The argument is that this question and the answer thereto would naturally prejudice the defendants before the jury with respect to the issue which was being tried. We are not able to see the logic of this contention. Assuming that in view of the stipulation the fact suggested by the question was immaterial, it seems to us that its admission was not harmful to the defendant corporation.

These are the only two reasons urged for ordering a new trial, and as we consider each of them to be without merit, the rule to show cause will be discharged.